**FILED**
**CLERK**

Brooklyn Office 01/13/2017
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
~~**LONG ISLAND OFFICE**~~

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SANTOS MARVER REYES and EDUAR ABRAAM CASTRO,
individually and on behalf of all others similarly situated,

                                                 Plaintiffs,

        -against-

ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S
BAKERY, GITTEL KAFF and MOSHE KAFF, as individuals,

                                       Defendants.

---------------------------------------------------------------------X

**COLLECTIVE
ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

1. Plaintiffs, **SANTOS MARVER REYES** and **EDUAR ABRAAM CASTRO,
   individually and on behalf of all others similarly situated** (hereinafter referred to as
   "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon
   personal knowledge as to themselves and upon information and belief as to other
   matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **SANTOS MARVER REYES** and **EDUAR ABRAAM CASTRO,
   individually and on behalf of all others similarly situated**, through undersigned
   counsel, bring this action against **ZOMICK'S FOOD PRODUCTS, LTD. d/b/a
   ZOMICK'S BAKERY, GITTEL KAFF and MOSHE KAFF, as individuals**,
   (hereinafter referred to as "Defendants"), to recover damages for egregious violations
   of federal and state overtime laws arising out of Plaintiffs' employment by
   Defendants at ZOMICK'S BAKERY located at 85 Inip Drive, Inwood, NY 11096.

3. Plaintiff **SANTOS MARVER REYES** was employed by Defendants at ZOMICK'S
   BAKERY located at 85 Inip Drive, Inwood, NY 11096 as a bread baker and

performing other miscellaneous duties from in or around December 2012 until in or around March 2015.

4. Plaintiff **EDUAR ABRAAM CASTRO** was employed by Defendants at ZOMICK'S BAKERY located at 85 Inip Drive, Inwood, NY 11096 as a baker and performing other miscellaneous duties from in or around December 2012 until in or around February 2015.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff SANTOS MARVER REYES residing at 1316 Dinsmore, Far Rockaway, NY 11691, was employed by Defendants at ZOMICK'S BAKERY from in or around December 2012 until in or around March 2015.

10. Plaintiff EDUAR ABRAAM CASTRO residing at 1039 Beach 20th Street, Far Rockaway, NY 11691, was employed by Defendants at ZOMICK'S BAKERY from in or around December 2012 until in or around February 2015.

11. Upon information and belief, Defendant, ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY, is a corporation organized under the laws of New York with a principal executive office at 85 Inip Drive, Inwood, NY 11096.

12. Upon information and belief, Defendant, ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY, is a corporation authorized to do business under the laws of New York.

2

13. Upon information and belief, Defendant GITTEL KAFF owns and/or operates ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

14. Upon information and belief, Defendant GITTEL KAFF manages ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

15. Upon information and belief, Defendant GITTEL KAFF is the Chairman of the Board of ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

16. Upon information and belief, Defendant GITTEL KAFF is the Chief Executive Officer of ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

17. Upon information and belief, Defendant GITTEL KAFF is an agent of ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

18. Upon information and belief, Defendant GITTEL KAFF has power over personnel decisions at ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

19. Upon information and belief, Defendant GITTEL KAFF has power over payroll decisions at ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

20. Defendant GITTEL KAFF has the power to hire and fire employees at ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY, establish and pay their wages, set their work schedule, and maintains their employment records.

21. During all relevant times herein, Defendant GITTEL KAFF was Plaintiffs' employer within the meaning of the FLSA and NYLL.

22. Upon information and belief, Defendant MOSHE KAFF owns and/or operates ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

23. Upon information and belief, Defendant MOSHE KAFF manages ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

24. Upon information and belief, Defendant MOSHE KAFF is the Chairman of the Board of ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

25. Upon information and belief, Defendant MOSHE KAFF is the Chief Executive Officer of ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

26. Upon information and belief, Defendant MOSHE KAFF is an agent of ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

27. Upon information and belief, Defendant MOSHE KAFF has power over personnel decisions at ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

28. Upon information and belief, Defendant MOSHE KAFF has power over payroll decisions at ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY.

29. Defendant MOSHE KAFF has the power to hire and fire employees at ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY, establish and pay their wages, set their work schedule, and maintains their employment records.

30. During all relevant times herein, Defendant MOSHE KAFF was Plaintiffs' employer within the meaning of the FLSA and NYLL.

31. On information and belief, ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

32. Plaintiff **SANTOS MARVER REYES** was employed by Defendants at ZOMICK'S BAKERY located at 85 Inip Drive, Inwood, NY 11096 as a bread baker and performing other miscellaneous duties from in or around December 2012 until in or around March 2015.

33. Plaintiff **SANTOS MARVER REYES** worked approximately 72 (seventy-two) hours or more per week from in or around December 2012 until in or around March 2015.

34. Plaintiff **SANTOS MARVER REYES** was paid by Defendants approximately $7.50 per hour from in or around December 2012 until in or around January 2013, approximately $8.00 per hour from in or around January 2013 until in or around December 2014, and approximately $8.75 per hour from in or around January 2015 until in or around March 2015.

35. Although Plaintiff **SANTOS MARVER REYES** worked approximately 72 (seventy-two) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

36. Plaintiff **EDUAR ABRAAM CASTRO** was employed by Defendants at ZOMICK'S BAKERY located at 85 Inip Drive, Inwood, NY 11096 as a baker and performing other miscellaneous duties from in or around December 2012 until in or around February 2015.

37. Plaintiff **EDUAR ABRAAM CASTRO** worked approximately 72 (seventy-two) hours or more per week from in or around December 2012 until in or around February 2015.

38. Plaintiff **EDUAR ABRAAM CASTRO** was paid by Defendants approximately $7.50 per hour from in or around December 2012 until in or around January 2013, approximately $8.00 per hour from in or around January 2013 until in or around December 2014, and approximately $8.75 per hour from in or around January 2015 until in or around February 2015.

39. Although Plaintiff **EDUAR ABRAAM CASTRO** worked approximately 72 (seventy-two) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

41. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

42. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

44. Collective Class: All persons who are or have been employed by the Defendants as bakers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages, overtime wages, and spread of hours compensation.

45. Upon information and belief, Defendants employed between 30 and 35 employees within the past three years subjected to similar payment structures.

46. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

47. Upon information and belief, Defendants failed to provide wage notices and statements in Plaintiffs' primary language.

48. Defendants' unlawful conduct has been widespread, repeated, and consistent.

49. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

50. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

51. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and spread of hours compensation in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

52. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

53. The claims of Plaintiff are typical of the claims of the putative class.

54. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

56. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

57. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

58. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of
29 U.S.C. §§206(a) and 207(a).

60. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

61. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

62. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

65. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

66. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

69. Defendants are liable to each Plaintiff in the amount of $2,500.00 together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

72. Defendants are liable to each Plaintiff in the amount of $2,500.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 4th day of January 2017.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANTOS MARVER REYES and EDUAR ABRAAM CASTRO, individually and on behalf of all
others similarly situated,

Plaintiffs,

-against-

ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY, GITTEL KAFF and MOSHE
KAFF, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**ZOMICK'S FOOD PRODUCTS, LTD. d/b/a ZOMICK'S BAKERY**
**85 Inip Drive**
**Inwood, NY 11096**

**GITTEL KAFF**
**1660 44th Street**
**Brooklyn, NY 11204**

**MOSHE KAFF**
**85 Inip Drive**
**Inwood, NY 11096**